UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**AMENDED CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3772 CAS (RZx) | Date | December 9, 2009 |
|---|---|---|---|
| Title | OCTOPUS PRODUCTS , LTD. v. PANTERRA ENGINEERED PLASTICS, INC. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Bill Colgraff | Marc Colen | |

**Proceedings:**   **COUNTERDEFENDANT'S MOTION TO DISMISS AND STRIKE COUNTERCLAIM** (filed 10/16/09)

**I.   INTRODUCTION**

On May 27, 2009, plaintiff and counterclaim-defendant Octopus Products, Ltd. ("Octopus") filed suit against defendant and counterclaimant Panterra Engineered Plastics, Inc. ("Panterra") seeking a declaratory judgment of  (1) no violation of 35 U.S.C. § 271; (2) no violation of Lanham Act, 15 U.S.C. §§ 1051 et seq.; (3) no tortious interference with business relations; (4) no violation of Cal. Bus. & Prof. Code § 17200 et seq.; and (5) no violation of California Trade Secrets Act, Cal. Civ. Code §§ 3426 et seq.[1]

On September 2, 2009, defendant Panterra answered, and filed a counterclaim alleging claims for (1) tortious interference with business relations; (2) violation of Cal. Bus. & Prof. Code § 17200 et seq.; and (3) declaratory relief.

On October 16, 2009, Octopus filed the instant motion to dismiss

---

[1] On November 4, 2008, Panterra filed a complaint against Octopus in the U.S. District Court for the District of Connecticut alleging claims for (1) tortious interference and  (2) violation of the Connecticut Unfair Trade Practice Act, Conn. Gen. Stat. § 42-110(a), et seq.  The district court in Connecticut dismissed the action based on lack of personal jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**AMENDED CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3772 CAS (RZx) | Date | December 9, 2009 |
|---|---|---|---|
| Title | OCTOPUS PRODUCTS , LTD. v. PANTERRA ENGINEERED PLASTICS, INC. | | |

defendant's counterclaim, or in the alternative, to strike the allegations. Panterra has not filed an opposition.

## II.   BACKGROUND

The present dispute arises from Octopus' sale of PepCore product in North America. Panterra alleges that Octopus is infringing Panterra's rights because Panterra holds the exclusive right to sell PepCore product in North America. Panterra is a manufacturer, marketer, distributor, and seller of structural materials made from PepCore product. Countercl. ¶ 7. Panterra alleges that it has used the marks of PepCore, PepPanel, and Norcore comprising its valuable intellectual property ("TM IP") and the trade secrets ("trade secrets").[2] Id.

Panterra alleges that its rights derive from Phelps Engineered Plastics Corporation, which sold and transferred its rights and interest to the TM IP and the trade secrets to Norfield Corporation ("Norfield"). Countercl. ¶ 10. According to Panterra, the TM IP is a "new and unique method for the production of honeycomb structural material." Opp'n at 2. With regard to the chain of title, Panterra alleges the following facts: Norfield entered into a licensing agreement with Benetti Impianti S.r.l. ("Benetti") that granted Benetti limited rights to sell its PepCore products within the territories of Europe, North Africa, and the Middle East. Countercl. ¶ 11. Norfield retained the rights to sell PepCore products in the

---

[2] Panterra alleges that the valuable intellectual property of Panterra that are also protectable trade secrets, include "the (a) know-how, means, methods, formulations, materials and processes, designs, design information, drawings, diagrams, images, specifications, test results and analysis thereof, engineering calculations, machines and equipment and all other information in tangible and intangible form concerning or relating to the manufacture of the PepCore product, as well as (b) customer information, supplier information, contact information, contracts, licenses and all other information in tangible and intangible form concerning or relating to the marketing and sales of the PepCore product." Countercl. ¶ 8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**AMENDED CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3772 CAS (RZx) | Date | December 9, 2009 |
|---|---|---|---|
| Title | OCTOPUS PRODUCTS , LTD. v. PANTERRA ENGINEERED PLASTICS, INC. | | |

remainder of the world. Countercl. ¶ 11. Benetti assigned the licensing agreement to Bencore, S.r.l ("Bencore") with limited rights to sell PepCore products to the same territories of Europe, North Africa, and the Middle East as had been licensed to Benetti by Norfield. Countercl. ¶ 12. Norfield then sold "the entirety of its rights to the TM IP, trade secrets, good will, patents and patents pending, contracts, contractual rights and all other rights pertaining to the PepCore product" to Innovative Materials and Technologies, Inc., ("Innovative"). Countercl. ¶ 13. When Innovative filed for bankruptcy protection, the United States Bankruptcy Court for the District of Connecticut ordered the sale of the PepCore rights at auction, and Panterra purchased all rights to the PepCore product at the auction. Countercl. ¶ 14-15.

According to Panterra, Bencore was licensed to sell PepCore products within limited territories, namely in Europe, North Africa, and the Middle East, but not North America. Countercl. ¶ 19. Therefore, when Octopus "obtained PepCore products from Bencore, and began selling, advertising, marketing, and distributing the product under the names Birdwing, Starlight, and Lightben throughout North America with full knowledge that Bencore did not have any right to sell nor distribute PepCore products in any region other than those set forth in the original license between Norfield and Benetti," Octopus infringed Panterra's rights. Countercl. ¶ 20.

**III. LEGAL STANDARD**

    **A. Rule 12(b)(6) Motion to Dismiss**

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**AMENDED CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3772 CAS (RZx) | Date | December 9, 2009 |
|---|---|---|---|
| Title | OCTOPUS PRODUCTS , LTD. v. PANTERRA ENGINEERED PLASTICS, INC. | | |

Id. at 1965.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**AMENDED CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3772 CAS (RZx) | Date | December 9, 2009 |
|---|---|---|---|
| Title | OCTOPUS PRODUCTS, LTD. v. PANTERRA ENGINEERED PLASTICS, INC. | | |

should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

    **B.    Motion to Strike**

A motion to strike material from a pleading is made pursuant to Fed. R. Civ. P. 12(f). Under Fed. R. Civ. P. 12(f), the Court may strike from a pleading any "insufficient defense" or any material that is "redundant, immaterial, impertinent or scandalous." A Fed. R. Civ. P. 12(f) motion is not a motion to dismiss for failure to state a claim upon which relief may be granted, and, where not involving a purportedly insufficient defense, simply tests whether a pleading contains inappropriate material. The Court may also strike under Fed. R. Civ. P. 12(f) a prayer for relief which is not available as a matter of law. Tapley v. Lockwood Green Engineers, 502 F.2d 559, 560 (8th Cir. 1974). The essential function of a Fed. R. Civ. P. 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994). Because of "the limited importance of pleadings in federal practice," motions to strike pursuant to Fed. R. Civ. P. 12(f) are disfavored. Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996).

**III.    DISCUSSION**

    **A.    Motion to Dismiss**

        **1.    Tortious Interference**

To allege a claim for tortious interference with business relations under California law, the claimant must allege (1) an economic relationship between the claimant and a third party containing the probability of future economic benefit to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**AMENDED CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3772 CAS (RZx) | Date | December 9, 2009 |
|---|---|---|---|
| Title | OCTOPUS PRODUCTS , LTD. v. PANTERRA ENGINEERED PLASTICS, INC. | | |

the claimant; (2) knowledge by the defendant of the existence of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) damages to the claimant proximately caused by the acts of the defendant.  Kasparian v. Los Angeles, 38 Cal. App. 4th 242, 260 (1995); Youst v. Longo, 43 Cal. 3d. 64, 71 (1987).

The claimant must plead facts supporting a "reasonable probability that the lost economic advantage would have been realized but for the defendant's interference."  Kasparian, 38 Cal. App. 4th at 271; Youst, 43 Cal. 3d at 71.  The type of expectancies the law typically protects are those of future contractual relations.  Youst, 43 Cal. 3d at 75.  However, "the law precludes recovery for overly speculative expectancies by initially requiring proof the business relationship contained 'the probability of future economic benefit to the plaintiff.'"  Westside Center Associates v. Safeway Stores 23, Inc., 42 Cal. App. 4th 507, 522 (1996) (citing Youst, 43 Cal. 3d. at 71; see also Pacific Gas & Electric Co. v. Bear Stearns & Co., 50 Cal. 3d. 1118, 1136-1137 (1990)).

Octopus asserts that Panterra fails to state a claim because it has not pled facts to satisfy the elements of tortious interference.  In particular, Octopus argues that Panterra fails to identify any existing business relationships or business expectancies it may have had with any entity.[3]  Mot. at 7.  In its counterclaim, Panterra has alleged that it "has a reasonable expectation of future economic gain with companies " that are "purchasing Pepcore-like products from [Octopus] as opposed to Panterra."  Countercl., Ex. B, Kolegraff Decl. ¶ 28.  Octopus argues that Panterra's allegation that Octopus has interfered with "the prospect of future beneficial business relationships" is improper because it is speculative of future business relationships.

---

[3] Octopus argues with respect to the other elements of tortious interference that Panterra fails to plead any facts that Octopus knew of Panterra's business relationships; that Octopus intended to disrupt any existing business relationships Panterra had and; that Panterra allegedly suffered due to Octopus's alleged conduct.  Mot. at 7-9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**AMENDED CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3772 CAS (RZx) | Date | December 9, 2009 |
|---|---|---|---|
| Title | OCTOPUS PRODUCTS , LTD. v. PANTERRA ENGINEERED PLASTICS, INC. | | |

Panterra responds that it has alleged facts sufficient to state a claim for tortious interference because its lost economic advantage would have been realized but for Octopus's interference. Opp'n at 8. Panterra argues that its business relationships, including those that "can exist or will exist in the future" involve the sale of the PepCore product, which Panterra has the exclusive right to use. Id. Panterra asserts that Octopus has sold and continues to sell PepCore products within the United States, thereby "destroying Panterra's exclusive rights to sell its Product." Id. Panterra argues that "every penny of every sale of infringing product by Octopus is the loss of that penny to Panterra." Id.

Octopus replies that Panterra has failed to disclose that the TM IP expired and that all the "technology and processes taught or suggested" in the TM IP "has long ago been dedicated to the public, and may be used by anyone." Reply at 2. Octopus replies that Octopus is a "reseller" of products that it imports from Bencore," and therefore had no prior knowledge of Panterra's "possible economic relationships." Reply at 3. Octopus adds no other new arguments.

Panterra has alleged facts sufficient to show a reasonable probability that the lost economic advantage would have been realized but for Octopus's interference. In particular, Panterra alleges that it has exclusive rights to sell PepCore products in North America, and that Octopus has no rights in North America, such that any sale in the United States and North America by Octopus deprives Panterra of a sale. The Court concludes that Panterra has sufficiently alleged a claim for tortious interference and thus declines to dismiss this claim.

### 2. Unfair Competition

To allege a claim for unfair competition, the claimant must allege "any unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. An unlawful act is one "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." In re Pomona Valley Med. Group, Inc., 476 F.3d 665, 674 (9th Cir. 2007) (citing Saunders v. Superior Court, 27 Cal. App. 4th 832, 838 (1994)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**AMENDED CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3772 CAS (RZx) | Date | December 9, 2009 |
|---|---|---|---|
| Title | OCTOPUS PRODUCTS , LTD. v. PANTERRA ENGINEERED PLASTICS, INC. | | |

      Even if a business practice is not specifically prohibited by another law, it may be deemed unfair or fraudulent. Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co., 20 Cal. 4th 163, 180 (1999). A business practice is unfair when it offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers. Community Assisting Recovery, Inc. v. Aegis Security Ins. Co., 92 Cal. App. 4th 886, 894 (2002). An act or practice is unfair when it threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition. Cel-Tech Communications, Inc., 20 Cal. 4th at 187. The determination of whether a business practice or act is "unfair" entails examination of the impact of the practice or act on its victim, balanced against the reasons, justifications and motives of the alleged wrongdoer, weighing the utility of the defendant's conduct against the gravity of harm to the alleged victim. See Ticconi v. Blue Shield of California Life & Health Ins. Co., 160 Cal. App. 4th 528, 539 (2008). A practice that is deceptive is necessarily unfair. Blakemore v. Superior Court, 129 Cal. App. 4th 36, 49 (2005). A violation can be shown even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage. Schnall v. Hertz Corp., 78 Cal. App. 4th 1144, 1167 (2000). Rather, it is only necessary to show that members of the public are likely to be deceived. Id.

      Octopus argues that Panterra fails to plead that Octopus's sale and distribution of its own products is unlawful, unfair, or fraudulent. Mot. at 10-14. First, Octopus contends that because it was not a party to the license agreement between Panterra and Benetti and had no duty or obligation under the license agreement regarding the PepCore product, Octopus's sale of its own products were not unlawful. Id. at 10-11. Octopus further argues that it had no knowledge about Panterra's rights to the trade secrets and thus could not have engaged in trade secret misappropriation. Id. Second, Octopus argues that Panterra fails to state a claim that Octopus's actions were unfair, because Panterra has failed to show "some actual or threatened impact on competition." Id. at 13. Third, Octopus

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**AMENDED CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3772 CAS (RZx) | Date | December 9, 2009 |
|---|---|---|---|
| Title | OCTOPUS PRODUCTS , LTD. v. PANTERRA ENGINEERED PLASTICS, INC. | | |

argues that Panterra fails to state a claim that Octopus's actions were fraudulent, because Panterra has not shown that any consumers were deceived. Id.

Panterra responds that it has sufficiently alleged its claim for unfair competition because it has shown that Octopus's acts were unlawful, unfair, and fraudulent. First, Panterra argues that Octopus unlawfully imported PepCore products manufactured by Bencore and sold such products in the United States, violating Panterra's exclusive right to manufacture and sell its product. Opp'n at 4, 9. Second, Panterra argues that Octopus unfairly sells "product [that] looks very much like some of Panterra's product, is actually Panterra's product and confuses the buying public into believing that Octopus's product is manufactured in the United States as is Panterra's product." Id. at 9. Third, Panterra argues that Octopus's acts are fraudulent because it has "[confused] the buying public into believing that Octopus's product . . . is actually Panterra's product." Id.

Octopus replies that the sale of its product that "[looks] like" Panterra's product is not a sufficient basis to find that Octopus was fraudulent. Reply at 7. Octopus argues that Panterra fails to plead sufficient facts to show that members of the public are likely to be deceived. Id.

The Court finds that the reasons and justifications offered by Octopus for sale of the product are not relevant for purposes of the present motion. Panterra here alleges that Octopus is infringing Panterra's exclusive rights to sell PepCore products in North America. See Cel-Tech Communications, Inc., 20 Cal. 4th at 187. Panterra has alleged that members of the public are likely to be deceived by the sale of Octopus products. See Blakemore v. Superior Court, 129 Cal. App. 4th at 49; see also Schnall v. Hertz Corp., 78 Cal. App. 4th at 1167. The Court concludes that Panterra has a alleged a valid claim for unfair competition and thus declines to dismiss this claim.

### 3. Declaratory Relief

To state a cause of action for declaratory relief under California law,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**AMENDED CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3772 CAS (RZx) | Date | December 9, 2009 |
|---|---|---|---|
| Title | OCTOPUS PRODUCTS, LTD. v. PANTERRA ENGINEERED PLASTICS, INC. | | |

"appropriate facts should be alleged from which the court may determine that an 'actual controversy relating to the legal rights and duties of the respective parties' exists." Alturas v. Gloster, 16 Cal. 2d 46, 49.

Octopus argues that Panterra's claim for declaratory relief should be dismissed because Panterra fails to allege or request declaration of disputed rights or duties in its counterclaim, but rather pleads relief for nonrestitutionary disgorgement of profits from Octopus based on Panterra's two previous counterclaims. Id. at 14. Octopus contends that the request for disgorgement of profits is not a permitted remedy under the Cal. Bus. & Prof. Code § 17200 which limits remedies to injunction and restitution. Id. at 16. Octopus further argues that Panterra's allegation that it is entitled to the proceeds received by Octopus is improper, because Panterra fails to plead facts regarding whether it has an ownership interest or contractual obligation with Panterra. Id.

In response, Panterra states that it seeks to state a claim for damages, rather than a claim for declaratory relief. Opp'n at 10.

It appears that Panterra has conceded that its claim for declaratory relief should be dismissed. Accordingly, the Court dismisses this claim.

    **B.    Motion to Strike**

Octopus alternatively seeks to strike the allegations contained in the counterclaim. While Octopus fails to specify which allegations it seeks to have stricken, it appears that none of the allegations set forth in the counterclaim is redundant, irrelevant, or scandalous. For this reason and because motions to strike are disfavored, the Court DENIES the motion to strike.

**IV.    CONCLUSION**

In accordance with the foregoing, the Court hereby GRANTS in part and DENIES in part counterdefendant Octopus's motion to dismiss. Counterclaimant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**AMENDED CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3772 CAS (RZx) | Date | December 9, 2009 |
|---|---|---|---|
| Title | OCTOPUS PRODUCTS , LTD. v. PANTERRA ENGINEERED PLASTICS, INC. | | |

Panterra shall file an amended counterclaim curing the defects noted herein within thirty (30) days after the filing of this order.  In the event that counterclaimant does not amend its complaint within thirty (30) days, this order will operate as a dismissal with prejudice.

    IT IS SO ORDERED.

|  | 00 | : | 10 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |